DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**D.S-B.,** the Mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

Nos. 4D14-1333, 4D14-1836, and 4D14-2443

[January 7, 2015]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Moses Baker, Jr., Judge; L.T. Case No. 2013DP300352JS.

Andrew A. Holness of Law Offices of Andrew A. Holness, P.A., West Palm Beach, for appellant.

Rosemarie Farrell, Orlando, for appellee Department of Children and Families.

Patricia M. Propheter, Sanford, for appellee Guardian ad Litem Program.

WARNER, J.

In the middle of the final hearing on an adjudication of dependency, the mother's attorney withdrew, and the mother sought to represent herself. While the court questioned the mother about her experience, it did not permit evidence of her significant mental health problems. It did not make a determination that the mother had waived her right to counsel with an "intelligent and understanding choice," as required by Florida Rule of Juvenile Procedure 8.320(b)(1). As the order of dependency was entered without a valid waiver of counsel by the mother, we must reverse for additional proceedings.

The court conducted a *Faretta*-like[1] questioning of the mother when she sought to represent herself. Four attorneys had previously withdrawn

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

from representing her, the last one midway through the final hearing on the dependency petition. In a court-ordered evaluation the mother had been diagnosed with paranoia and bipolar disorder, which evidenced itself in a severe mistrust of people. Both the Department of Children and Families and the Guardian ad Litem urged the court, not once but twice during these proceedings, to appoint counsel. They presented the psychological evaluation, yet the court refused to consider it on hearsay grounds.

When questioned by the court, the mother told the court that she had the equivalent of a high school degree but had no training in the law. She claimed she could ask questions and call witnesses. The court did not delve into how the mental condition of the mother would affect her ability to validly waive counsel. Without making a determination that the mother's waiver was made "knowingly, intelligently, and voluntarily," the court simply decided that the mother had a constitutional right to represent herself, concluding that it would be a violation of her right to force a lawyer upon her. In the criminal context, however, "The right to self-representation may be exercised only by a defendant who is competent and makes a knowing and voluntary waiver of counsel." *Larkin v. State*, 147 So. 3d 452, 465 (Fla. 2014). Similarly, the right to represent oneself in dependency or termination of parental rights proceedings also depends upon the intelligent and understanding choice to waive counsel.

The court did ask the mother if she had ever been adjudged incompetent or insane. Mere competence to stand trial, however, is not the same as competence for self-representation. *See Indiana v. Edwards*, 554 U.S. 164, 177-78 (2008). Hence, there was a need for a full and fair determination that the mother's waiver of counsel was knowing and intelligent, given all the factors involved.

Because the trial court failed to consider the mother's mental health in determining whether she could represent herself, the court failed to consider all of the factors relevant to whether she had made an intelligent and knowing choice to represent herself. The Department on more than one occasion suggested that she was not capable of intelligently waiving counsel and urged the court to consider her mental health examination, which the court refused to do.[2] Although the court offered counsel to the mother at several other points in the proceedings, the mother rejected

---

[2] We should also note that the mother sought to represent herself in these appellate proceedings, but this court denied her that right and ordered the trial court to appoint counsel for her.

such an appointment, even though it was apparent that she was not able to conduct a defense to the proceeding or to properly admit evidence which was important to her defense. Nevertheless, in its final order the court found the children dependent in large part because of the mother's mental health issues.

We remand for further proceedings. If appellant continues to wish to represent herself, the court shall conduct a hearing consistent with this opinion to determine whether her waiver of counsel is knowing and intelligent. The court should appoint counsel if it concludes that the mother's mental condition prevents her from knowingly and intelligently waiving counsel.

STEVENSON, J., and LINDSEY, NORMA SHEPARD, Associate Judge, concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***